FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 JAN 18 PM 4:04
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER HARRISON | * | CASE NO. |
| | * | |
| VERSUS | * | DIVISION " 07-0417 |
| | * | |
| | * | JUDGE |
| DIAMOND OFFSHORE | * | |
| DRILLING , INC. | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * *

SECT. R MAG. 1

## SEAMAN'S COMPLAINT

**NOW INTO COURT** through undersigned counsel, comes plaintiff, Christopher Harrison, a person of the full age of majority, domiciled and residing in Elba, Alabama who respectfully represents the following:

I.

This is a seaman's complaint asserting maintenance and cure, Jones Act negligence, and unseaworthy claims. The plaintiff requests that this Court sit as an Admiralty Court pursuant to Rule 9 (h) and designates his claims as admiralty claims. As an admiralty personal injury claim, this Court has original jurisdiction.

II.

Made defendant herein is Diamond Offshore Drilling, Inc.(hereinafter referred to as "Diamond") a Delaware corporation, licensed to do and doing business within the jurisdiction of this Court.

F:\DSK.X\HES\Harrison, Christopher\P\Seamans Claims.wpd

___ Fee Seaman
✓ Process
X Dktd ______
___ CtRmDep ______
___ Doc. No ______

III.

In April, 2005, the plaintiff applied for a job with Diamond. Pursuant to Diamond's employee hiring practices, Christopher Harrison was referred for a pre-employment physical to a physician selected by Diamond. The physician ordered an MRI which revealed a small asymptomatic herniated disc at L4-5. On information and belief, Diamond's doctor recommended the plaintiff be hired as a roustabout.

IV.

Diamond hired Christopher Harrison to work as a roustabout. Diamond assigned Christopher Harrison to its drilling vessel, Champion, located in the Gulf of Mexico. On information and belief, Diamond owned and operated the Champion.

V.

On May 19, 2005, while walking on a catwalk aboard the Champion, a stanchion started to fall on the plaintiff. The plaintiff tried to keep the stanchion post from falling on him by holding it as the stanchion was falling.

VI.

The plaintiff was unable to avoid the stanchion post and other Diamond employees had to help get the stanchion off the plaintiff.

VII.

As a result of the stanchion post falling on the plaintiff, the plaintiff's lower back was injured.

VIII.

The plaintiff was referred by Diamond to a physician who rendered treatment to the plaintiff. Over time, the plaintiff's low back continued to be painful and caused him to stop working in July, 2005.

IX.

Initially the plaintiff was paid maintenance and cure by Diamond. The plaintiff sought the services of his own treating physician, Dr. Bradley J. Bartholomew, neurosurgeon, who diagnosed the plaintiff with a symptomatic herniated disc requiring surgery. The plaintiff developed bladder and bowel symptoms and was referred to a urologist, Dr. Susan McSherry, who opined that the plaintiff's urological problems were related to the low back injury.

X.

The defendant, through its attorney, requested that the plaintiff be examined by Dr. Chris Cenac, a Houma, Louisiana orthopedic surgeon. Upon the agreement that the defendant would pay mileage, meals, and hotel, the plaintiff traveled from Alabama to Houma, Louisiana to be examined by Dr. Chris Cenac in December, 2005.

XI.

Dr. Cenac opined that the plaintiff's injury pre-existed the accident and was no longer symptomatic. This medical opinion was not based on sound medical judgment as the plaintiff was asymptomatic prior to the injury and became symptomatic after the injury.

XII.

The defendant ceased paying maintenance after the examination by Dr. Chris Cenac despite

medical conditions indicating the plaintiff had not reached maximum medical improvement. Additionally, the defendant did not reimburse the plaintiff for the expenses incurred in traveling from Alabama to be examined by Dr. Chris Cenac, despite repeated requests for reimbursement, until November, 2006.

XIII.

The plaintiff, through his attorney, furnished Diamond, through its attorney, with reports from Dr. Susan McSherry, urologist. The defendant requested that the plaintiff be examined by Dr. Neil Baum, a urologist selected by Diamond. Again, Diamond, through its attorney, promised to reimburse the plaintiff his mileage, hotel, and meals for the trip to be examined by Dr. Neil Baum in May, 2006. Again, despite repeated requests, Diamond did not make the reimbursement of mileage, hotel, and meals, until November, 2006.

XIV.

The plaintiff had a repeat MRI which revealed an additional herniated disc at L5- S1. This information was sent to the defendant, through its attorney, with a request to reinstate maintenance and cure. Diamond arbitrarily and capriciously refused to reinstate maintenance and cure.

XV.

The plaintiff's living expenses are approximately $40.00 per day as the equivalent of what his room and board were aboard the Diamond drilling vessel, Champion. The plaintiff requests maintenance and cure in the amount of $40.00 a day from the date he last worked in July, 2005 to the present.

XVI.

The plaintiff had lumbar surgery and submitted medical bills to Diamond, through its attorney. The bills remain unpaid.

XVII.

The plaintiff has had to retain the services of an attorney regarding his maintenance and cure and requests reasonable attorney's fees and costs for the arbitrary and capricious refusal of Diamond to pay maintenance and cure after it terminated it and paying a low rate of maintenance.

XVIII..

The plaintiff also brings claims for Jones Act negligence and unseaworthiness against his employer, Diamond Offshore Drilling, Inc. in the following non-exclusive manner:

Jones Act Negligence

1. The negligence of the Diamond employee who failed to properly secure and/or fix the stanchion post;
2. For failure of the Diamond employee to warn Diamond employees that the stanchion post was not secure;
3. For all other negligent acts and omissions which will be proven at the trial of this matter upon completion of discovery.

Unseaworthiness

1. The stanchion post was not fit for its intended purpose because it was not properly attached to the vessel;
2. The Diamond employee who failed to properly secure/fix the stanchion post was

2. The Diamond employee who failed to properly secure/fix the stanchion post was incompetent to perform his job.

3. Other unseaworthy conditions which will be proven at the trial of this matter after discovery has been completed.

XIX.

As a result of his back injury, Christopher Harrison has sustained the following general and special damages:

| | | |
|---|---|---|
| 1. | Physical pain and suffering | $ 300,000. |
| 2. | Mental anguish | $ 300,000. |
| 3. | Lost wages | $ 48,000. |
| 4. | Future impairment of Earning capacity | $ 1,200,000. |
| 5. | Medical bills | $ 120,000. |
| 6. | Future medical bills | $ 120,000. |
| 7. | Permanent disability | $ 200,000. |
| 8. | Loss of enjoyment of his life | $1,000,000. |

XX.

The plaintiff seeks to recover his general damages, special damages, maintenance and cure, and attorney fees from his employer, Diamond Offshore Drilling, Inc.

**WHEREFORE,** plaintiff, Christopher Harrison, prays that defendant, Diamond Offshore Drilling, Inc. be served with a copy of this petition, be duly ordered to appear and answer same,

and after all legal delays and due proceedings be had, there be judgment herein in favor of the plaintiff, Christopher Harrison, and against the defendant, Diamond Offshore Drilling, Inc., in the amount of $ 3,288,000.00 , pre and post judgment interest, all costs of these proceedings including expert witness fees, maintenance from July, 2005 through the date of termination at the additional rate of $25.00 a day, maintenance from the date maintenance was terminated at the rate of $40.00 a day, payment of all outstanding medical bills, reasonable attorneys fees regarding maintenance and cure, future maintenance and cure, and for all other legal and equitable relief appropriate under the circumstances.

Respectfully submitted,

**H. EDWARD SHERMAN #12016**
**JAMES E. CAZALOT, JR. # 17510**
**TRAVIS J. CAUSEY, JR. # 16853**
1010 Common Street, Suite 1750
New Orleans, LA 70112
Telephone: (504) 587-7100
Facsimile: (504) 587-7102
ATTORNEYS FOR PLAINTIFF