```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CHRISTOPHER HARRISON                            CIVIL ACTION


VERSUS                                          NO: 07-417


DIAMOND OFFSHORE DRILLING, INC.                 SECTION: R(1)
```

### ORDER AND REASONS

Before the Court is plaintiff's motion to strike defendant's demand for a trial by jury. Defendant has not responded to plaintiff's motion. For the following reasons, the Court GRANTS plaintiff's motion.

I.  BACKGROUND

Plaintiff Christopher Harrison worked for defendant Diamond Offshore Drilling, Inc. as a roustabout on an offshore rig. Harrison alleges that during the course of his employment a stanchion post fell on him, injuring his lower back. He has brought claims for negligence under the Jones Act,

unseaworthiness, and maintenance and cure against Diamond. In both his original and amended complaint, Harrison specifically invoked the Court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h). In its answer, Diamond demanded a trial by jury, noting the diversity of the parties. Harrison now moves to strike Diamond's jury demand on the ground that he sustained his alleged injuries while employed as a seaman and therefore his claims fall within the Court's admiralty jurisdiction.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 9(h) permits a plaintiff to include in his complaint "a statement identifying the claim as an admiralty or maritime claim" for the purposes of, *inter alia*, Rule 38(e). Fed. R. Civ. P. 9(h). Rule 38(e), in turn, provides that the Federal Rules "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed. R. Civ. P. 38(e); *see also Smith v. ENSCO Offshore Co.*, 181 F.3d 97, at *1 (5th Cir. 1999) ("Ordinarily, when a case involves admiralty or maritime claims, the plaintiff does not have a right to a jury trial."). When a plaintiff brings a claim under the Jones Act, he has the option to proceed with either a jury or a bench trial. *See id.*; 46 U.S.C. § 688(a). This right to a jury trial, however, belongs

only to the seaman-plaintiff, unless the plaintiff alleges diversity jurisdiction and chooses to pursue his Jones Act claim through the savings to suitors' clause in a civil action. *Id.* at *1 n.1 (citing *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214 (5th Cir. 1986)).

Here, plaintiff has expressly invoked the Court's admiralty jurisdiction under Rule 9(h). He has not invoked the Court's diversity jurisdiction or sought to pursue his Jones Act claim through the savings to suitors' clause. Diamond has made no effort to establish why admiralty jurisdiction is not proper. Accordingly, the Court finds that defendant's request for a jury trial was improper, and it will grant plaintiff's motion to strike.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to strike defendant's jury demand.

New Orleans, Louisiana, this 15th day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE